ADAMS AND WADKINS ADM'RS. *against* OWENS AND HOLYFIELD.

APPEAL *from Conway Circuit Court.*

LITTLE
ROCK,
July, 1838:

ADAMS and
WADKINS
*vs.*
OWENS and
HOLYFIELD

When a motion has been made at a previous term to dismiss an appeal for want of a final judgment or decree in the Court below, and on a subsequent suggestion at the same term by the appellants, that there was a diminution of the record, a certiorari has been awarded for a new record; if, then, the Clerk below returns the writ, with a new transcript, certified by him to be a true copy, and which does not cure the defect, unless good cause be shown for a new writ, the appellees will be entitled to the benefit of their renewed motion to dismiss.

This was an action of debt, commenced in the Court below by the appellants, as administrators of Titsworth, against the appellees, to September Term, 1835.    At the return term, the plaintiffs by leave filed their amended declaration, which was demurred to at February Term, 1836, demurrer sustained, and by leave a second amended declaration filed.    At March Term, 1837, the defendants demurred to the second amended declaration, and the following entry of record was made thereupon: " This day come the plaintiffs by LINTON, their at-" torney, as well as the defendants by FOWLER, their attorney; the " defendants by their attorney demurred in short to the plaintiffs' " amended declaration. and the Court, after hearing the pleadings, " was fully of opinion that the demurrer should be sustained: And " the plaintiffs by attorney craved an appeal to the Supreme Court of " the State, which was granted by the Court," &c.    This, according-ing to the transcript of record, was the last order made in the case.

At January Term, 1838, FOWLER, for the appellees, moved the Court here to dismiss the appeal because there was no recognizance entered into in the Court below, on appeal, and because there was no final judgment or decree rendered in the Court below from which an appeal could be prayed or granted.

Immediately after the filing of the motion to dismiss, TAYLOR and LINTON, for the appellants, suggested a diminution of the record, and moved the Court for a certiorari to perfect the same.

In obedience to the certiorari the Clerk below sent up a new trans-cript at this term, certifying the same to be a true copy of the record. The appellants then moved for an alias certiorari to the Clerk, and a rule on him to show cause why an attachment should not issue against him for contempt; and the appellees renewed their motion to dismiss, for want of a final judgment.

LITTLE
ROCK,
July, 1838.
~~~~~
ADAMS and
WADKINS
*vs.*
OWENS and
HOLYFIELD

DICKINSON, *Judge,* delivered the opinion of the Court: This is an action of debt, commenced in the Circuit Court of Conway county.— An amended declaration was filed, to which there was a demurrer sustained, and a transcript of the record brought into this Court by the plaintiffs at the last July Term, and continued to January Term, 1838, when the defendants moved to dismiss the appeal, because there was no final judgment or decree rendered in the Court below.   Previous to any action upon the motion to dismiss, the plaintiffs on affidavit, suggested diminution of the record, and a writ of certiorari was awarded to the Clerk of Conway county to send up a new record.

The plaintiffs now come in and again ask that an *alias* certiorari be awarded them, and that a rule be entered against the Clerk to show cause why an attachment should not issue for not complying with the mandate of this Court.   We have looked into the papers, and find that the Clerk has returned the writ issued to him, with a new transcript, which he certifies to be a true copy from the record; yet it does not cure the defect upon which the defendants moved at a former term to dismiss, and to remedy which the certiorari was ordered. In neither record does it appear that any final judgment was entered in the Circuit Court; and as the plaintiffs show no good cause for a new writ, we are of opinion that the defendants are entitled to the benefit of their motion made at the last term of this Court and now renewed and insisted on.   The appeal must therefore be dismissed.